# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LENNY SPANGLER,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>NEVADA PROPERTY LLC, et al.,<br><br>                    Defendant(s). | Case No. 2:14-cv-00125-GMN-NJK<br><br>ORDER RE: DISCOVERY PLAN<br>AND DENYING STAY<br>(Docket No. 30) |

Pending before the Court is the parties' Joint Scheduling Conference Report Pursuant to Rule 16(b) and 26(f), Docket No. 30, which is hereby **DENIED** without prejudice. Further, the parties' stipulation to stay discovery is **DENIED** without prejudice.

This case has been transferred to the District of Nevada and accordingly, all filings with the Court must comply with the Local Rules of Practice for the District of Nevada. Specifically, the parties must, through local counsel, submit a joint discovery plan and scheduling order which complies with Local Rule 26-1 and all other applicable Local Rules. The parties' current proposed discovery plan, Docket No. 30, does not comply with the Local Rules and therefore, it is denied.

Next, within the parties' proposed discovery plan, the parties state that they have agreed "to wait for a determination of the Motion to Dismiss scheduled for January 27, 2014 to commence formal discovery." *Id.*, at 1. Under the Local Rules, such a stipulation is not valid unless and until it has been approved by the Court:

> No stipulations relating to proceedings before the Court except those set forth in Fed. R. Civ. P. 29 shall be effective until approved by the Court. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the Court.

LR 7-1(b).

Further, the pendency of a motion to dismiss alone does not in itself stay discovery deadlines. *See, e.g.,Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 600 (D. Nev. 2011) (same). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay*, 278 F.R.D. at 601. "A showing that discovery may involve some inconvenience and expense does not establish good cause for issuance of a stay." *Id*. Conclusory statements regarding the benefit of a stay are plainly insufficient. *Id*. at 601-02. In order to meet this requirement, the movant must, as a threshold matter, establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Id*. In the instant filing, the parties have failed to make the required showing for the Court to grant a stay of discovery and they cannot unilaterally delay discovery without Court approval. *See* LR 6-1 and LR 7-1. If the parties wish to delay or extend deadlines, they must seek a stay of discovery or deadline extension from the Court.

As discussed above, the parties must submit a joint discovery plan and scheduling order, no later than January 31, 2014, which complies with the Local Rules.

IT IS SO ORDERED.

DATED: January 24, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE